UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00110-RJC-DSC-1

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| NATORI BENTON, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docs. 102, 104].

**I.  PROCEDURAL BACKGROUND**

On November 18, 2020, Defendant Natori Benton ("Defendant") pleaded guilty to one count of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count One) and one count of using and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). [Doc. 42: Acceptance and Entry of Guilty Plea; Doc. 38: Plea Agreement; Doc. 1: Bill of Indictment]. On November 15, 2021, this Court sentenced Defendant to a term of imprisonment of 104 months on Count One and a consecutive term of 84 months on Count Two, for a total term of imprisonment of 188 months. [Doc. 69 at 2: Judgment]. Judgment was entered on November 19, 2021. [Id.]. On November 22, 2022, Defendant's appeal was dismissed as barred by his waiver of the right to appeal in his plea agreement. [Doc. 100]. As such, Defendant's conviction became final for purposes of seeking relief under § 2255 on February 20, 2023, when his deadline to petition for writ of certiorari expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his

conviction becomes final when the opportunity to appeal expires). On September 29, 2024,[1] Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was not on the proper form. [Doc. 102]. The Court, therefore, required the Defendant to submit his motion on the proper form. [Doc. 103]. Defendant has now submitted his motion on the proper form [Doc. 104], but he failed to sign and submit his motion under penalty of perjury [see id. at 12]. See Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

**II.     DISCUSSION**

Defendant failed to submit his Section 2255 motion under penalty of perjury, and it appears to be untimely. Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[1] The Court notes that, while Defendant swore that his petition was mailed on September 29, 2024 [Doc. 102 at 1], the envelope was not postmarked until October 15, 2024 [Doc. 102-1]. Because it appears that Defendant's petition is untimely in any event, the Court will not require him to address this discrepancy at this time.

Here, as noted, Defendant's conviction became final for purposes of Section 2255(f) on February 20, 2023, when his deadline to petition for writ of certiorari expired. Accordingly, the one-year period of limitations under Section 2255 expired on February 20, 2024. See 28 U.S.C. § 2255(f)(1). Defendant did not mail his original Section 2255 motion to vacate until September 29, 2024.

Because Defendant did not address timeliness in his petition [see Doc. 104 at 12], the Court will grant Defendant 20 days in which to explain why his petition should not be dismissed as untimely, including any reasons why equitable tolling[2] should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of Section 2255 petition). The Court will also require Defendant to sign the Section 2255 petition under penalty of perjury and resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings.

## III. CONCLUSION

Because Defendant failed to submit his Section 2255 petition under penalty of perjury and because it appears that it is time barred, the Court will grant Defendant twenty (20) days in which to return the completed Section 2255 form, signed under penalty of perjury, and therein provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including

---

[2] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

any reasons why equitable tolling should apply.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant shall return the completed Section 2255 form, signed under penalty of perjury and explaining why the Section 2255 petition should not be dismissed as untimely within twenty (20) days of service of this Order and that failure to do so may result in dismissal of the petition without further notice to Defendant.

(2) Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 102] is **DENIED** as moot.

(3) The Clerk is respectfully instructed to mail Defendant a blank Section 2255 form.

**IT IS SO ORDERED**.
Signed: November 19, 2024

Robert J. Conrad, Jr.
United States District Judge