# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:20-cr-00110-RJC-DSC-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| NATORI BENTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Second Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Response [Doc. 112] to the Court's Braxton Order [Doc. 132]. Also pending are Defendants' original and First Amended Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Docs. 104, 111].

## I.    PROCEDURAL BACKGROUND

On November 18, 2020, Defendant Natori Benton ("Defendant") pleaded guilty to one count of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count One) and one count of using and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). [Doc. 42: Acceptance and Entry of Guilty Plea; Doc. 38: Plea Agreement; Doc. 1: Bill of Indictment]. On November 15, 2021, this Court sentenced Defendant to a term of imprisonment of 104 months on Count One and a consecutive term of 84 months on Count Two, for a total term of imprisonment of 188 months. [Doc. 69 at 2: Judgment]. Judgment was entered on November 19, 2021. [Id.]. On November 22, 2022, Defendant's appeal was dismissed as barred by his waiver of the right to appeal in his plea agreement. [Doc. 100]. Defendant's conviction, therefore, became final for purposes of seeking relief under § 2255 on

February 20, 2023, when his deadline to petition for writ of certiorari expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). On September 29, 2024, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was not on the proper form. [Doc. 102]. On the Court's Order, Defendant submitted his motion on the proper form, but he failed to sign and submit it under penalty of perjury. [Docs. 103, 104]. See Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant"). The Court then allowed Defendant 20 days to explain why his petition should not be dismissed as untimely, including any reasons why equitable tolling should apply, and required him to sign the petition under penalty of perjury. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of Section 2255 petition).

On November 25, 20224, Defendant filed a Second Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 signed under penalty of perjury and addressing the timeliness issue.[1] [Doc. 112]. As grounds for relief, Defendant argues that his two offenses of conviction are not crimes of violence "because no one was hurt physically and there was no use, attempted use or threatened use of force used to commit this crime." [Id. at 4-5]. Defendant also states that "924(c) has been deemed unconstitutional therefore any charge, or predicate attached to 924(c) should be the same." [Id. at 5]. For relief, Defendant asks that his sentence be vacated and that he be released immediately. [Id. at 12].

---

[1] Before the Court received this Second Amended Motion, Defendant had an Amended Motion to Vacate hand delivered to the Court on December 2, 2024. [See Doc. 111 at 1]. Like his original Motion to Vacate, the Amended Motion is unsigned and does not address the timeliness issue. The Court will strike this unnecessary and duplicative filing.

2

## II.    DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Defendant's conviction became final for purposes of Section 2255(f) on February 20, 2023, when his deadline to petition for writ of certiorari expired.  Accordingly, the one-year period of limitations under Section 2255 expired on February 20, 2024.  See 28 U.S.C. § 2255(f)(1).  Defendant did not mail his original Section 2255 motion to vacate until September 29, 2024.

In his response to the Court's Braxton Order, Defendant argues that (1) the statute of limitations does not bar his motion because the rights he asserts have been newly recognized by the Supreme Court and made retroactively applicable on collateral review; and, alternatively, (2) he "did not know how to file and [has] been having problems getting mail in and out" at his current

3

facility.  [Doc. 112 at 11].

Both arguments fail.  The Supreme Court did not declare § 924(c) unconstitutional.  Rather, in 2019, it held that the statutory definition of a "crime of violence" under § 924(c)'s residual clause is unconstitutionally vague.  See United States v. Davis, 588 U.S. 445, 139 S.Ct. 2319 (2019).  Therefore, after Davis, a qualifying "crime of violence" must now satisfy § 924(c)(3)'s force clause.  United States v. Tipton, 95 F.4th 831 (4th Cir. 2024).  Moreover, the Fourth Circuit recently determined that completed carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under § 924(c)(3)(A).  United States v. Fulks, 120 F.4th 146, 157 (4th Cir. 2024).  Defendant, therefore, has failed to show that his motion to vacate is timely under § 2255(f).

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)).  A petitioner must show he has been "pursuing his rights diligently."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Defendant alternatively argues, in essence, that the limitations period should be equitably tolled because he did not know how to file his motion and because he has been having difficulty with mail at his facility.  The Court finds that Defendant has failed to meet the strict requirements for equitable tolling.  That is, he has not shown with any particularity or specificity that he was

4

prevented from timely filing his motion to vacate. Rather, he vaguely points to mail difficulties, despite having successfully filed three different documents in this case by mail in the past two months. [See Docs. 102, 104, 112]. Moreover, ignorance of the law is not grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Because Defendant has not shown in any regard that he was prevented from filing his motion to vacate on time or that he was diligently pursuing his rights, equitable tolling is not available.

As such, Petitioner's claim is untimely under § 2255(f) and he has not shown that equitable tolling should apply. The Court will, therefore, dismiss Petitioner's motion to vacate.

## III.    CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Second Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 112] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 111] is **STRICKEN** from the record in this matter and Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 104] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 4, 2025

Robert J. Conrad, Jr.
United States District Judge